**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

ROSHAWN JOHNSON, on behalf of
D.D. F, a minor child,

                Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                Defendant.

Case No. 06-CV-629-FHM

## ORDER

Plaintiff, Roshawn Johnson on behalf of minor child D.D. F., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standards

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] Plaintiff's February 11, 2004, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Stephen C. Calvarese was held October 18, 2005. By decision dated March 22, 2006, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on September 19, 2006. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

A child under eighteen years of age is "disabled" if the child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 1382c(a)(3)(C)(i). A sequential three-step process guides the Commissioner's determination of whether a child meets this criteria. The ALJ must determine, in this order, (1) that the child is not engaged in substantial gainful activity, (2) that the child has an impairment or combination of impairments that is severe, and (3) that the child's impairment meets or equals an impairment listed in Appendix 1, Subpart P of 20 C.F.R. Pt. 404. 20 C.F.R. §§ 416.924(a). In making the third determination—whether a child's impairment meets or equals a listed impairment —the ALJ must consider whether the impairment, alone or in combination with another

impairment, "medically equals, or functionally equals the listings."[2]  *Id.*  The ALJ assesses all relevant factors, including (1) how well the child initiates and sustains activities, how much extra help he needs, and the effects of structured or supportive settings; (2) how the child functions in school; and (3) how the child is affected by his medications or other treatment.[3]  *Id.* §§ 416.926a(a)(1)- (3). The ALJ considers how a child functions in his activities "in terms of six domains":[4]  "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being." *Id.* §§ 416.926a(b)(1)(i)-(vi).

---

[2]  Functional equivalency means that the impairment is of "listing- level severity; i.e., it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain...." 20 C.F.R. §§ 416.926a(a). A marked limitation is one that interferes seriously with the child's "ability to independently initiate, sustain, or complete activities." *Id.* §§ 416.926a(e)(2)(i). "It is the equivalent of the functioning [the Commissioner] would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.* The regulations state:

> If you are a child of any age (birth to the attainment of age 18), we will find that you have a "marked" limitation when you have a valid score that is two standard deviations or more below the mean, but less than three standard deviations, on a comprehensive standardized test designed to measure ability or functioning in that domain, and your day-to-day functioning in domain-related activities is consistent with that score.

*Id.* §§416.926a(e)(2)(iii).

An "extreme limitation" is one that "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(3)(i). It can be shown by a valid score on a standardized test that is three or more standard deviations below the mean. *Id.*

[3]  The regulations found at 20 C.F.R. §§ 416.926a were amended effective January 2, 2001.  The most recent amendments are referred to herein.  The amendments mark a major change in the evaluation process employed by ALJs in child disability cases and provide a single method of evaluation based only on domains of functioning. *See* 65 Fed.Reg. 54747, 54755 (Sept. 11, 2000). The definitions and testing results for marked and extreme disabilities, however, have not changed. *See id.* at 54756.

[4]  "Domains" are "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. §§ 416.926a(b)(1).

3

## ALJ Decision

The child D.D.F. (Plaintiff) was four and a half at the time of the ALJ's decision. Disability onset date is claimed to be January 1, 2002, as a result of febrile convulsions/seizures and asthma. The ALJ found that aside from seizures and asthma, the child has had normal development with one seizure a month and no history of shortness of breath, COPD, chronic cough, hemoptysis or pneumonia. [R. 18].[5] The ALJ found that the child's seizure activity was not of the frequency required to meet listings 111.02 and 111.03, nor has he demonstrated lowered IQ, or other problems cited in 111.02B. [R. 18].

Further, the ALJ determined that the child has: no limitation in the first domain (acquiring and using information); less than marked limitation in the second domain (attending and completing tasks); no limitation in interacting and relating with others; no limitation in moving about and manipulating objects; no limitation in the ability to care for himself; and no limitation in health and physical well-being. [R. 20-24]. Based on these findings, the ALJ concluded that since February 11, 2004 (the date of the application), the child has not been disabled as defined in the Social Security Act. [R. 24].

## Plaintiff's Allegations

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: incorrectly determined that the child does not meet or equal a listing; failed to perform a proper credibility determination; failed

---

[5] The Administrative Record is found at Docket No. 11.

to properly evaluate the opinions of the consultants who evaluated the child; and failed to properly consider the severity of the child's mental impairments.

## Discussion

The ALJ's decision consists mainly of a boilerplate description of the various regulatory provisions applicable to a child's disability case. It contains little discussion of the child's medical record and no analysis of how the regulatory provisions relate to the evidence in this case. Further, the ALJ failed to conduct a proper credibility analysis. The entirety of the ALJ's credibility analysis follows:

> After considering the evidence of record, <u>the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the statements concerning the intensity, duration and limiting effects of the claimant's symptoms are not entirely credible.</u>

[R. 19](emphasis in original).

Credibility decisions are entirely within the province of the ALJ as the Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986). Further, credibility determinations made by an ALJ are generally treated as binding upon review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). However, the ALJ's decision must contain a discussion of his credibility analysis and must explain why he determined that the testimony is not credible. Standard boilerplate will not suffice. *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). The ALJ's credibility determination contains only boilerplate. The ALJ's failure to provide any discussion of his credibility analysis requires that the decision be reversed and the case remanded for further consideration.

Evidence supportive of the decision is present in the record as amply demonstrated by the Commissioner's brief to this court. However, it is not enough that the decision be supported by substantial evidence. The decision must also demonstrate that the ALJ adhered to the correct legal standards in reaching the decision. Where, as here, an ALJ does not identify and discuss the evidence upon which he relies, the Court cannot meaningfully review the ALJ's determination. *See, e.g., Clifton,* 79 F.3d at 1009 (holding "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion," and thus the ALJ's unexplained conclusion was "beyond meaningful review"); *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (holding ALJ's listing of factors he considered was inadequate when court was "left to speculate what specific evidence led the ALJ to [his conclusion]"). The Court finds that the ALJ's failure to adhere to the proper legal standards mandates reversal.

### **Conclusion**

Based on the foregoing, the Court finds the case must be REVERSED and REMANDED for further proceedings.

SO ORDERED this 4th day of February, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE